Dear Mr. Dahmer:
We are in receipt of your request for an Attorney General's opinion on behalf of the Tangipahoa Parish Board of Election Supervisors, for which you are the president. As we understand the matter, a candidate submitted a list of watchers before the 5:00 p.m. deadline on Wednesday, November 5, 2003 for the November 15, 2003 general election. His opponent in the election filed an objection to the Tangipahoa Parish Board of Election Supervisors issuing commissions to the names on this list of watchers because the list did not contain the addresses of the watchers, as required in R.S. 18:435. Therefore, you seek an opinion as to whether the board should issue the commissions based on this objection.
In Louisiana, it is our constitution that directs the legislature to establish an Election Code, which provides for the conduct, the when, where, and how, of the election process. In this Election Code, the powers and duties of watchers is to observe in the polling place during the election and the counting and tabulation of votes, with the ability to call any infraction of the law to the attention of the commissioners.
It is the duty of the parish board of election supervisors to supervise the preparation for and the conduct of all elections held in the parish. R.S. 18:423. Each candidate is entitled to have one watcher at every precinct where the office he seeks is voted on in a primary or general election. R.S. 18:435(A). A qualified voter who is not entitled to assistance in voting and is not a candidate in the election may serve as a watcher. R.S. 18:427. Watchers are submitted on a list and filed with the parish board of election supervisors before 5:00 p.m. on the tenth day before the primary or general election. R.S. 18:435(B). The person filing the list of watchers must attach a certified statement that the report required by law has been filed with the supervisory committee in compliance with the Campaign Finance Disclosure Act. Id. If a candidate submits a list for the primary election and does not submit a list for the general election, the list submitted in the primary election shall be treated as his list submitted for the general election. Id. A list of watchers shall contain only one watcher and one alternate watcher for each precinct where the candidate or person submitting the list is entitled to have a watcher. Id. The list shall be typed or legibly written, and it shall contain the name and mailing address of each watcher and a designation of the precinct where he is to serve. Id."The parish board of election supervisors shall promptly issue acommission to each watcher named on a timely filed list of watchers."
R.S. 18:435(C) (emphasis added). The law provides that a person shall not be commissioned as a watcher if he has been appointed a commissioner-in-charge or a commissioner in the same election; however, if he is an alternate commissioner and must replace an absent or unqualified commissioner, his commission as a watcher shall be deemed void. Id.
The list of watchers submitted to the Tangipahoa Parish Board of Election Supervisors contained the precinct number, precinct name, watcher and alternate watcher. No mailing address information was on the list, but there is indication that the candidate notified your office that he would pick up the commissions in person.
Having a list of watchers is not an absolute right. R.S. 18:435 sets forth the procedure for obtaining this right. The law does not prohibit, however, the board from issuing a commission to a list of watchers except when the list is not timely filed, or when the person on the list has been appointed a commissioner-in-charge or a commissioner in the same election. Thus, the issue is whether the failure to strictly comply with the requirement that a mailing address be included on the list of watchers prohibits the board from issuing commissions.
In the case of Adkins v. Huckabay, 755 So.2d 206, 1999-3605 (La. 2/25/00), the Louisiana Supreme Court was faced with an election contest between two candidates for sheriff with a margin of victory of only three votes. One of the major issues in the case was whether the provisions of the Election Code establishing the rules, procedures, and methods for absentee voting should be strictly construed so as to void ballots failing to strictly comply with the statutory provisions of the law or whether substantial compliance with the essential requirements of the law sufficed. Primary to the court's inquiry was "[e]nsuring and maintaining the sanctity of the ballot and the integrity of the election, and protecting against the needless disenfranchisement of electors." Id. at 215. The court noted that "the reasoning behind strict compliance is that the Legislature, by enacting statutes with mandatory, and not directory, language, i.e., `shall', intended strict compliance with the absentee voting law to prevent fraud and to preserve the purity and integrity of elections." Id. at 216. Ultimately, the court held that substantial compliance was a more just and reasonable approach in resolving the problems posed by irregularities in absentee voting, stating:
 A review of the jurisprudence makes clear that almost without exception this Court has never required strict compliance with our election laws. Both interpretations have their inherent strengths and weaknesses. The weaknesses in strict compliance, however, are too unforgiving, attendant with harsh consequences. More often than not, electors would be unreasonably disenfranchised necessitating setting aside elections more frequently for the slightest good-faith error. The same objective can be accomplished with substantial compliance which means actual compliance with respect to the provisions essential to the reasonable objective of the absentee voting law.
We do not find the objectives of the law on watchers very clear. We know that some parish boards use the mailing address information on the list of watchers to certify that the person on the list is qualified to be a watcher, while other parish boards do not perform this function, and no where in the law are they required to do so. We also find the law unclear in that it mandates a mailing address in one paragraph, yet mandates the issuance of a commission when the list is timely filed, failing to state what, if anything, is to happen if the list is not complete with mailing address information or precinct information. We do find it essential that the 5 p.m. deadline be complied with, however, because the parish board would not have time to perform its duty of issuing commissions otherwise.
Thus, it is our opinion today that the Tangipahoa Parish Board of Election Supervisors should review the facts of this matter in light of whether the candidate substantially complied with the law, as discussed by the Louisiana Supreme Court in Adkins, supra. The board should ask itself whether there was substantial compliance with the essential provisions of the Election Code to allow it to do its job. If the board finds substantial compliance with the law, it should issue the commissions and vise versa. We note that this is an area of the law where legislative review would be beneficial for consistency throughout the state.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb